523 A.2d 417

Robert A. Felegie and Lynn D. Felegie, Petitioners *v.* Commonwealth of Pennsylvania, Pennsylvania Housing Finance Agency, Respondent.

Argued November 21, 1986, before Judges MAC-PHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Amy Ershler,* for petitioners.

*Jolynn M. Stoy,* with her, *Trent Hargrove,* for respondent.

OPINION BY JUDGE PALLADINO, March 30, 1987:

Robert A. Felegie and Lynn D. Felegie (Petitioners) petition for review of an order of the Pennsylvania Housing Finance Agency (Agency) rescinding emergency mortgage assistance benefits.

In May, 1984, Petitioners received a Notice of Intention to Foreclose from United Penn Bank for failure to make mortgage payments in January, February, March and April, 1984. Petitioners' default resulted because Mrs. Felegie could not continue to provide a steady source of income. In November, 1983, Mrs. Felegie required surgery and she was unable to return to work until March, 1984. During that interval, she did receive health benefits, but upon their termination in January, 1984, she did not provide any income to support her family. The default resulted despite Mr. Felegie's employment as a truck driver. Upon Mrs. Felegie's return to work in March, 1984, she suffered a back injury and was again unable to continue her job and provide a source of income.

In June, 1984, Petitioners applied to the Agency for emergency mortgage assistance pursuant to the Homeowner's Emergency Mortgage Assistance Act (Act 91)[1] listing three mortgages. Petitioners gave a statement, detailing the circumstances mentioned above, to the Agency and after an interview with Petitioners, a credit counselling agency concluded that Petitioners met all of the property and homeowner requirements set forth in Act 91. After Agency review, Petitioners were informed by letter dated September 27, 1984, that they were eligible for a Homeowner's Emergency Assistance Loan and that payments would be made on their behalf directly to Petitioner's three mortgagees. The payments were to include all arrearages and monthly payment assistance for one year subject to renewal.

Robert A. Felegie quit his job in March, 1985. In September, 1985, the Agency rescinded the 1984 approval of an emergency mortgage assistance loan because the Agency concluded that Petitioners were not suffering financial hardship due to circumstances beyond their control.

Petitioners appealed this determination and a telephone hearing was held by an Agency Hearing Examiner on December 11, 1985. The Hearing Examiner concluded that it was "imprudent for Mr. Felegie to have quit his job," and therefore the total mortgage delinquency was not beyond Petitioner's control. The Hearing Examiner affirmed the Agency's recision of emergency mortgage assistance benefits.

On appeal to this Court, Petitioners assert that the Agency's recision of assistance is not supported by substantial evidence and is contrary to the law. In the alternative, Petitioners assert that, even if the recision

---

[1] Act of December 23, 1983, P.L. 385, 35 P.S. §§1680.101-1680.603a.

was proper the Agency should be estopped from denying assistance from the time of mortgage default until notice of the rescission. Petitioners also request an expedited consideration of this matter because of threatened foreclosure by their mortgagees.[2]

Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or the findings of fact are not supported by substantial evidence. *Johnson v. Pennsylvania Housing Finance Agency,* 99 Pa. Commonwealth Ct. 77, 512 A.2d 1319 (1986).

Petitioners' first contention, that the September, 1985, Agency decision to affirm the rescission of their approval for emergency mortgage assistance is not supported by substantial evidence and is contrary to law, has no merit.

Section 405-C(f) of Act 91[3] empowers the Agency to conduct periodic reviews of a

> mortgagor's financial circumstances for the purpose of determining the necessity for continuation, *termination* or adjustment of the amount of the payments. Payments shall be *discontinued* when the Agency determines that, because of the changes in the mortgagor's financial circumstances, the payments are no longer necessary in accordance with the standards set forth in Section 404-C.

(Footnote omitted.) (Emphasis added.) Section 404-C of Act 91 outlines the criteria for assistance eligibility. Specifically that section provides in pertinent part:

> (4) The mortgagor is a permanent resident of this Commonwealth and is suffering financial

---

[2] To accommodate to Petitioners' request, this Court entered an order affirming in part and modifying in part on February 20, 1987.

[3] 35 P.S. §1680.404c(f).

hardship due to circumstances beyond the mortgagor's control which render the mortgagor unable to correct the delinquency or delinquencies within a reasonable time and make full mortgage payments.

. . .

(10) For purposes of this section, in order to determine whether the financial hardship is due to circumstances beyond the mortgagor's control, the agency may consider information regarding the mortgagor's employment record, credit history and current income.

35 P.S. §1680.404c(4), (10).

In essence, then, the Agency is directed to periodically re-evaluate a prior approval of assistance and to discontinue payments if the mortgagors do not, at the time of review, requalify for assistance in accordance with the criteria outlined in Section 404-C of Act 91.

In the case at bar, Petitioners, at the time of their application approval, were notified that: "The Agency shall provide assistance for one (1) year, subject to renewal the following year, if your financial circumstances warrant continuation of assistance." Upon re-evaluation in September, 1985, the Agency learned that Mr. Felegie, after a heated argument with his employer, quit his job in March, 1985. In accordance with Section 404-C(10), the Agency quite properly considered the mortgagor's employment record in determining whether the financial hardship continued to be beyond the mortgagor's control. The Agency's determination that voluntary termination by Mr. Felegie of his employment was not a circumstance beyond his control was reasonable. *See, Johnson v. Pennsylvania Housing Finance Agency*, 99 Pa. Commonwealth Ct. 77, 512 A.2d 1319 (1986); *Crawl v. Pennsylvania Housing Finance Agency*, 98 Pa. Commonwealth Ct. 431, 511 A.2d 924 (1986).

Because the action of the Agency is not contrary to Law and substantial evidence in the record supports the conclusion that Mr. Felegie voluntarily terminated his employment and therefore financial hardship, at the time of review, was not caused by circumstances beyond Petitioner's control, the Agency properly rescinded approval.

Petitioners next assert that even if the rescission of approval was proper, the Agency should be estopped from denying all mortgage assistance.[4]

The Agency admits that its September 27, 1984, decision approving emergency mortgage assistance was supported by substantial evidence and rendered in accordance with the legislative intent of Act 91.[5] Section 405-C of Act 91[6] states: "If the agency determines that a mortgagor is eligible for assistance under this article, the agency *shall* pay directly to each mortgagee secured by the mortgagor's real estate payments on behalf of the mortgagor." (Emphasis added.) In addition, Section 40.204 of the Pennsylvania Code provides:

(c) If the homeowner is eligible, and if funds are available, *the Agency will do the following:*

(1) *Pay the mortgagee an amount,* negotiated between the mortgagor, the mortgagee and the Agency, *sufficient to bring the mortgage current.* This includes principal, interest, taxes, mortgage insurance, credit and hazard insurance, assessments, late charges, ground rents, reasonable court costs and reasonable attorney fees already incurred by the mortgagee.

---

[4] Since we find that the statute mandates modification of the Agency's order, the principles of estoppel do not apply to the case at bar.

[5] Respondent's brief at 6.

[6] 35 P.S. §1680.405c.

(2) If the Agency has determined that the homeowner is eligible for monthly assistance, *make payments to the mortgagee on behalf of the homeowner* for a period not to exceed 36 months from the date that the Agency received the application. Payments may stop if the Agency determines that, because of changes in the homeowner's financial circumstances, the payments are no longer necessary. A recipient of assistance has a duty to inform the Agency of a material change in financial circumstances.

16 Pa. Code §40.204(c).

Clearly, upon approval for both arrearages and monthly assistance, the Agency was under a duty to provide payments to Petitioners' three mortgagees. However, after approval, the Agency did not make *any* payments to Petitioners' mortgagees. The Agency's failure to make payments during the period between the approval and rescission was clearly erroneous. As admitted by the Agency, at the time of approval Petitioners were in compliance with the eligibility requirements set forth in Act 91. Therefore, payments should have been made to their mortgagees until such time as determined by the Agency, Petitioners' financial hardship no longer resulted from circumstances beyond their control.

Accordingly, the order of the Agency is affirmed insofar as it rescinds the approval of the Petitioners' eligibility for emergency mortgage assistance benefits, but is modified to provide emergency mortgage assistance benefits for the period beginning January 1, 1984 and ending March 25, 1985. In accordance with the foregoing opinion, an order was entered on February 20, 1987.

ORDER

AND NOW, February 20, 1987, the order of the Pennsylvania Housing Finance Agency dated December 30, 1985 in the above-captioned matter is affirmed insofar as it rescinds the approval of the Petitioners' eligibility for emergency mortgage assistance benefits, but is modified to provide emergency mortgage assistance benefits for the period beginning January 1, 1984 and ending March 25, 1985.