529 A.2d 1185

Karen L. Mull, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Housing Finance Agency, Respondent.

Submitted on briefs March 24, 1987, to President Judge CRUMLISH, JR., and Judge PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

*David Abrams, Abrams & Mazer,* for petitioner.

*Lawana M. Johns,* for respondent.

OPINION BY JUDGE PALLADINO, August 13, 1987:

Karen L. Mull (Petitioner) petitions for review of an order of The Pennsylvania Housing Finance Agency (Agency) which denied Petitioner's application for emergency mortgage assistance under the Pennsylvania Homeowner's Emergency Assistance Act (Act 91).[1]

In 1968, Petitioner and her husband financed the purchase of a home in Pittsburgh, Pennsylvania with a mortgage from Landmark Savings Association (Landmark). In August, 1984, Petitioner filed an action in divorce and an action for protection from abuse against her husband, Robert C. Mull. On October 17, 1984, Landmark sent a letter to Petitioner and her husband indicating Landmark's intention to foreclose upon the mortgage. Along with this letter, Landmark also enclosed an "Act 91 Notice."[2] Petitioner took no action until she received a Complaint in Mortgage Foreclosure in December, 1984 and in January, 1985 had a face-to-face

---

[1] Act of December 23, 1983, P.L. 385 *as amended,* 35 P.S. §§1680.401c-1680.410c.

[2] This Notice is required by Sections 402-C and 403-C of Act 91, 35 P.S. §§1680.402c, 1680.403c. An Act 91 Notice informs a mortgagor of a delinquency in mortgage payments and the availability of emergency mortgage assistance. In addition, the Notice informs a mortgagor that he or she has thirty (30) days in which to have a face-to-face meeting with the mortgagor or an approved consumer credit counseling agency in an attempt to resolve the default.

meeting with a credit counselling agency as required by Act 91.[3]

On February 18, 1985 Petitioner applied to the Agency for emergency mortgage assistance. On April 3, 1985, Petitioner's application was denied because Petitioner was not suffering from financial hardship due to circumstances beyond her control and because Petitioner failed to comply with the procedural requirements of Act 91.[4] Petitioner appealed and an administrative

---

[3] Section 403-C(b) of Act 91, 35 P.S. §1680.403c(b). See Footnote 4 for text of statute.

[4] The Agency determined that Petitioner failed to comply with the procedural requirements of Act 91. Section 404-C(a)(11) lists as an eligibility criterion that a mortgagor must comply with the Agency's procedural requirements:

(a) No assistance may be made with respect to a mortgage under this article unless all of the following are established:

. . .

(11) The mortgagor meets any other procedural requirements established by the agency.

35 P.S. §1680.404c(a)(11).

Specifically, the Agency determined that Petitioner failed to have a face-to-face meeting 30 days after receipt of the October 17, 1984 "Act 91 Notice" as required by Section 403-C(b) and (c):

(b) The agency shall prepare a uniform notice for purposes of this section as follows: The notice shall list consumer credit counseling agencies and shall advise the mortgagor of his delinquency or other default under the mortgage and that such mortgagor has thirty (30) days to have a face-to-face meeting with the mortgagee who sent the notice or a consumer credit counseling agency to attempt to resolve the delinquency or default by restructuring the loan payment schedule or otherwise. The notice shall be promulgated as part of the program guidelines required by Section 401-C(b). If the mortgagor meets with a consumer credit counseling agency, the consumer credit counseling agency shall promptly notify all of the mortgagees secured by the mortgagor's real property, and no mortgagee so no-

hearing was held on October 29, 1985 before an Agency Hearing Examiner who affirmed the denial of Petitioner's application. The Hearing Examiner held that Petitioner failed to comply with procedural requirements of Act 91 and that Petitioner had insufficient income to meet the criteria of Section 404-C(a) of Act 91.[5]

---

tified shall commence any legal action against the mortgagor's real property for a period not to exceed thirty (30) calendar days from the date that the mortgagor first meets with the consumer credit counseling agency. The notice shall include a statement that, if the mortgagor is unable to resolve the delinquency or default within thirty (30) calendar days of the mortgagor's first contact with either the mortgagee or a consumer credit counseling agency, the mortgagor may apply to the agency or its duly authorized agent at the address and phone number listed in the notice in order to obtain an application and information regarding the Homeowner's Emergency Mortgage Assistance Program. If the mortgagor applies for mortgage assistance payments, the agency shall promptly notify all of the mortgagees secured by the mortgagor's real property. The agency shall make a determination of eligibility within sixty (60) calendar days of receipt of the mortgagor's application. During the time that the application is pending, no mortgagee may commence legal action to foreclose upon its mortgage with the mortgagor.

(c) If the mortgagor fails to meet with the mortgagee or consumer credit counseling agency or meet any of the time limitations specified in the notice or if the mortgagor's application for mortgage assistance payments is denied, the mortgagee may, at any time thereafter, take any legal action to enforce the mortgage without any further restriction or requirements under this article.

35 P.S. §1680.403c(b), (c).

[5] Section 404-C(a)(5) of Act 91 provides in pertinent part:

(a) No assistance may be made with respect to a mortgage under this article unless all of the following are established:

. . .

On appeal to this Court, Petitioner asserts that she met the procedural requirements of Act 91 because she did attend a face-to-face meeting within 30 days of when she alleges to have received the Act 91 Notice. Petitioner also contends that she met the eligibility requirements of Act 91.

Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether the findings of fact are not supported by substantial evidence. *Felegie v. Pennsyvlania Housing Finance Agency,* 104 Pa. Commonwealth Ct. 128, 523 A.2d 417 (1987). The Agency's interpretation of Act 91 is entitled to great weight and should be disregarded only if such construction is clearly erroneous. *Johnson v. Pennsylvania Housing Finance Agency,* 99 Pa. Commonwealth Ct. 77, 512 A.2d 1319 (1986).

First, Petitioner argues that the requirement to have a face-to-face meeting as outlined in Section 404-C should be interpreted liberally to allow a mortgagor 30 days from the date she actually received the Notice. Petitioner alleges that she did not receive the October 17, 1984 Act 91 Notice until December, 1984, the date she was served with the Complaint in Mortgage Foreclosure. Petitioner alleges that she did not receive the Act 91 Notice in October, 1984 because her husband intercepted the mail. As a result, she argues that since

(5) The agency has determined that there is a reasonable prospect that the mortgagor will be able to resume full mortgage payments within thirty-six (36) months after the beginning of the period for which assistance payments are provided under this article and pay the mortgage or mortgages in full by its maturity date or by a later date agreed to by the mortgagee or mortgagees for completing mortgage payments.

35 P.S. §1680.404(c)(a)(5).

she did not receive the Act 91 Notice until December, 1984, her January, 1985 face-to-face meeting was timely because Section 403 of Act 91 is silent as to whether the meeting must take place within 30 days of date of mailing or within 30 days of date of actual receipt of the Notice.

16 Pa. Code §40.203(1) provides that:

(1) The homeowner shall arrange for and attend a face-to-face meeting with the lender or a consumer credit counseling agency listed in the notice. The purpose of this meeting is to attempt to restore the delinquency or default by restructuring the loan payment schedule or otherwise. *The meeting shall be held within 30 days of the postmark date of the notice, plus an additional 3 days to allow for mailing period.* For example, a notice mailed on March 9th is presumed to have been delivered on March 12th. Therefore, the homeowner shall hold a face-to-face meeting within 30 days of March 12th, or on or before April 11th.

(Emphasis added.)

We must point out, however, that the record contains a handwritten letter dated February 4, 1985 in which Petitioner admitted to receiving the Act 91 Notice in October of 1984:

To whom it may concern:

My husband left me any [sic] my two children in the fall of 1984.

A letter came in Oct [sic] concerning the Act 91 loan. I did not read the letter througly [sic] at this time due to the fact I was suffering, from alot [sic] of strain and stress, and under a doctors [sic] care. I really thought the letter was about not paying the mortgage. I also thought my husband would pay the mortgage in fear of losing the house.—But he hasn't payed [sic] anything

towards the mortgage or any bills. In April there will be a hearing in court against my husband and I'm sure he will be made to contribute in paying towards some of the bills.

Therefore, the Agency properly determined that Petitioner, who received the Act 91 Notice in October, 1984 but did not have the required face-to-face meeting until January, 1985, did not comply with the procedural requirements of Act 91.

Next, Petitioner asserts that because a protection from abuse order is outstanding against her spouse and because of the economic circumstances, it was arbitrary and capricious to deny her emergency mortgage assistance. In essence, Petitioner asks us to re-evaluate the factual circumstances because they "militate towards the grant of emergency mortgage assistance." This, however, is outside our appellate purview. *Felegie.* On review, we will review the record to ensure that the findings of the Agency were supported by substantial evidence and that an error of law was not committed.

The Hearing Examiner concluded that there was no reasonable prospect that Petitioner would resume full mortgage payments within 36 months as required by Act 91. The Hearing Examiner outlined Petitioner's income and expenses and concluded that, although Petitioner was employed, there was insufficient income to meet monthly expenses. Our review of the record reveals that this determination is supported by substantial evidence in the record. It is within the discretion of the Hearing Examiner to conclude that Petitioner did not meet the Section 404-C(a)(5) eligibility criterion.

Because the findings were supported by substantial evidence and because we find no clear error by the Hearing Examiner in reaching his determination, the order of the Agency is affirmed.

## ORDER

AND NOW, August 13, 1987, the order of the Pennsylvania Housing Finance Agency in the above-captioned matter is affirmed.