561 A.2d 41

**MELLON BANK, N.A.,**

**v.**

**Aubrey K. LEE, Jr., and Joyce F. Lee, His Wife, and the United States of America.**

**Appeal of Aubrey K. LEE, Jr., and Joyce F. Lee, His Wife.**

Superior Court of Pennsylvania.

Argued March 28, 1989.

Decided July 7, 1989.

Petition for Allowance of Appeal Denied Nov. 27, 1989.

390

Daniel L. Sautel, Pittsburgh, for appellant.

Arthur M. Lebovitz, Pittsburgh, Mellon Bank, appellee.

Before WIEAND, DEL SOLE and MELINSON, JJ.

DEL SOLE, Judge:

Aubrey K. and Joyce F. Lee, Appellants, appeal from the order of the trial court which granted the Motion for Summary Judgment of Mellon Bank, Appellee. The Lees raise one issue on appeal. We find that issue to be meritless and affirm the judgment of the trial court.

Mellon Bank loaned the Lees $100,000 on January 29, 1980. The loan was secured by a mortgage on the Lees' house. In April of 1983, the Lees became delinquent in their payments. On May 20, 1985, Mellon requested fore-

closure on the mortgage. On May 22, 1985, letters were mailed to each of the Lees as required by the *Homeowners Emergency Assistance Act*, 35 P.S. § 1680.401c. On May 2, 1985, unbeknownst to Mellon, the Lees filed a voluntary Chapter 11 Bankruptcy Petition. The filing of such a petition acted as an Automatic Stay against the commencement or continuation of any administrative, judicial or any other action or proceeding against the debtor. (11 U.S.C. § 362(a)). Mellon received notice of the filing on June 25, 1985. After that, all efforts to foreclose on the Lees ceased.

The Lees failed to file a Plan while under the jurisdiction of the Bankruptcy Court to cure the mortgage arrearages. Mellon filed a Motion for Relief from the Stay which was granted on March 24, 1987. On May 20, 1987, Mellon filed a Complaint for mortgage foreclosure. Mellon then filed the Motion for summary judgment which was granted and which is the basis of this appeal.

The issue raised by the Lees in this appeal is whether the May 22, 1985 letters mailed by Mellon in accordance with the *Homeowners Emergency Assistance Act* violated 11 U.S.C. § 362. The Lees argue that Mellon's May 22, 1985 letters fell into the category of being the commencement or continuation of an administrative or judicial proceeding or action against the Lees. Therefore, according to the Lees, the May 22, 1985 letters were a nullity and when Mellon was granted relief from the Stay it should have mailed new letters to the Lees.

The *Homeowners Emergency Assistance Act*, 35 P.S. § 1680.401c et seq., was established to provide "a program which will, through emergency mortgage assistance payments, prevent widespread mortgage foreclosures and distress sales of homes which result from default caused by circumstances beyond a homeowner's control." (35 P.S. § 1680.401c, see footnote (b) Purpose). Before any mortgagee, such as Mellon, can foreclose upon a mortgagor, such as the Lees, the mortgagee must send a notice to the

mortgagor. (35 P.S. § 1680.401c(a)). The notice must include:

> ... (a) list (of) consumer credit counseling agencies and shall advise the mortgagor of his delinquency or other default under the mortgage and that such mortgagor has thirty (30) days to have a face-to-face meeting with the mortgagee who sent the notice or a consumer credit agency to attempt to resolve the delinquency or default by restructuring the loan payment schedule or otherwise....

> If the mortgagor fails to meet with the mortgagee or consumer credit counseling agency or meet any of the time limitations specified in the notice or if the mortgagor's application for mortgage assistance payments is denied, the mortgagee may, at any time thereafter, take any legal action to enforce the mortgage without any further restrictions or requirements under this article.

> 35 P.S. § 1680.403c(b), (c).

The effect of § 1680.403c is that it notifies mortgagors that they have a thirty day "automatic stay" available to them in which they can attempt to resolve their delinquency or default before the mortgagee begins foreclosure. The trial court found that the mailing of a § 1680.403c notice was not the commencement or the continuation of an action or proceeding against a debtor. We agree.

A mortgage foreclosure proceeding does not commence until the complaint is filed. Pa.Rules Civ.Proc.Rule 1143. (See *McDowell Nat. Bank of Sharon v. Stupka*, 310 Pa.Super 143, 456 A.2d 540 (1983) Requirements of rules of civil procedure governing mortgage foreclosures must be strictly followed.) The complaint in a mortgage foreclosure cannot be filed until thirty days (plus three days for mailing) after the § 1680.403c letters have been mailed. *Mull v. Pa. Housing Finance Agency* 108 Pa.Cmwlth. 459, 529 A.2d 1185 (1987). The mailing of letters of notice in compliance with § 1680.403c constitutes notice to the mortgagor of their rights under the *Homeowners Emergency Assist-*

*ance Act.* It is not a continuation or commencement of an action or proceeding for the purposes of 11 U.S.C. § 362(a).

Mellon's May 22, 1985 letters to the Lees fulfilled the bank's obligation under § 1680.403c to notify the Lees of their rights under the Act. Because the Lees had filed a Chapter 11 petition in Federal Bankruptcy Court, they received an Automatic Stay against all of their creditors, including Mellon. After the Lees failed to put together a plan that would resolve their delinquency with Mellon, Mellon, two years after the Stay, received permission from the Bankruptcy Court to begin its foreclosure action. This action took place almost sixty days after the Bankruptcy Court gave Mellon relief from the Automatic Stay.

For over two years the Lees had notice of their rights under the *Homeowners Emergency Assistance Act.* Even after the Stay was lifted they had almost sixty days to follow the assistance guidelines of the Act. We find that the Lees had more than ample notice of their rights under the Act, none of which they chose to exercise.

Judgment of the trial court affirmed. Jurisdiction relinquished.