999 F.2d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Barbara Gisler KENNERLY, a/k/a Barbara Ann Gisler,
Debtor in Possession.
Barbara Gisler KENNERLY, a/k/a Barbara Ann Gisler, Appellant,
v.
J. Roger MYERS, Appellee.
 No. 92-55251.
Bankruptcy No. 89-28-3-LMII.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 9, 1993.*
Decided July 9, 1993.
 
 1
 Before BROWNING, BRIGHT,** and TANG, Circuit Judges
 
 
 2
 MEMORANDUM***
 
 
 3
 Barbara Gisler Kennerly (Barbara Kennerly) filed a Motion for Order of Contempt against J. Roger Myers, the attorney for one of the trustees in this Chapter 11 proceeding, alleging Myers wilfully violated the automatic stay provision set forth in 11 U.S.C. § 362 (1988 & Supp. III 1991). The bankruptcy court agreed and sanctioned Myers $750. Myers appealed the sanction to the district court below, which reversed the bankruptcy court. Barbara Kennerly filed this timely appeal. We affirm the district court.
 
 I.
 
 4
 This appeal arises out of a longstanding dispute between sibling-beneficiaries of a family trust the siblings' grandmother, Margaret A. Gisler, established for them in her will. Gisler died in 1956. The trust, which the Ventura County Superior Court oversees, provides that all income from the trust first be paid to Gisler's only son, William G. Gisler, and then after his death to his surviving wife, Angela, until her death. Upon Angela's death, the trust terminates and the proceeds are to be distributed to William and Angela's three daughters, Barbara Kennerly, Margaret Patricia Wise, and Gertrude Marie Hall.
 
 
 5
 William Gisler died in 1969. The three daughters each married, Barbara Kennerly to an attorney, Paul Kennerly. In 1977, Paul Kennerly and a family friend applied to be joint trustees of the trust. The probate court approved the applications, and, in 1979, the court appointed Barbara Kennerly as a third co-trustee.
 
 
 6
 In 1983, Angela Gisler died. Barbara Kennerly and the other trustees sought payment of various fees and costs for administering the trust, which her sisters, as co-remaindermen, challenged. The probate court replaced the three co-trustees with another person, who administered the trust for several years during the pendency of numerous appeals concerning the trust.
 
 
 7
 In 1987, the Ventura County Superior Court appointed Robert Shaw, a retired Ventura County Superior Court Judge, as the fourth successor trustee of Margaret Gisler's estate. Judge Shaw subsequently retained J. Roger Myers to represent him in his capacity as trustee.
 
 
 8
 On September 23, 1988, Barbara Kennerly filed a Petition for Involuntary Bankruptcy, seeking to place the trust in Chapter 11.[1] The bankruptcy court dismissed the petition on April 3, 1989 and ordered Barbara Kennerly to pay $7,500 to Judge Shaw and Myers as attorneys' fees and costs for bringing the proceeding. The court further ordered the $7,500 be deducted from Barbara Kennerly's ultimate share of the trust proceeds.
 
 
 9
 On April 14, 1989, Barbara Kennerly filed an individual petition in bankruptcy under Chapter 11. In an amended schedule, she listed Judge Shaw and Myers as holders of a disputed claim in the amount of $7,500, arising out of the previous bankruptcy court's sanction award.
 
 
 10
 Due to health problems, on July 21, 1989, Judge Shaw, through Myers, filed in the Ventura County Superior Court a petition to resign as trustee of the estate, and a Second Account and Report of Fourth Successor Trustee and Petition for Settlement (the Report). In these filings, Judge Shaw outlined his health problems, the involuntary bankruptcy proceedings, the subsequently instant bankruptcy action, his efforts to resolve remaining trust issues and his request for trustee's fees and attorneys' fees. In the Report, Judge Shaw wrote:
 
 
 11
 5. Of the attorney fees awarded Petitioner [Judge Shaw], the sum of Seven Thousand Five Hundred Dollars ($7,500.00) shall be charged against the distributive share of Barbara Gisler Kennerly and added to the share of Margaret Patricia Wise and Gertrude Marie Hall....
 
 
 12
 Record at 106.
 
 
 13
 On August 7, 1989, Barbara Kennerly filed a Motion for Order of Contempt in the bankruptcy court below, seeking sanctions against Myers for filing Judge Shaw's petition to resign and the Report. Kennerly asserted that in filing Judge Shaw's documents, Myers intentionally violated the automatic stay provision set forth in 11 U.S.C. § 362 by attempting "to loot appellant's vested property in bankruptcy." Appellant's Brief at 2. This reference apparently relates to Kennerly's vested interest in the trust property of which Judge Shaw was trustee.
 
 
 14
 On December 12, 1989, the bankruptcy court[2] agreed that the stay provision had been violated and sanctioned Myers $750. Myers appealed the sanction to the district court,[3] which, on October 15, 1991, reversed the bankruptcy court.
 
 
 15
 Barbara Kennerly appeals here only the district court's reversal of the bankruptcy court's sanction order.[4]
 
 II.
 
 16
 Citing 28 U.S.C. §§ 158(d), 1292 and In re Fondiller, 707 F.2d 441 (9th Cir.1983), Myers first intimates this court lacks jurisdiction because the bankruptcy court's order imposing sanctions against him is interlocutory. We reject this contention.
 
 
 17
 A nonparty attorney against whom a bankruptcy court has entered a sanction may take an immediate appeal, where the court levied the sanction solely against the attorney and the attorney is the one appealing. Algeran, Inc. v. Advance Ross Corp., 759 F.2d 1421, 1425 (9th Cir.1985).
 
 
 18
 Myers appealed the bankruptcy court's sanction against him prior to entry of a final judgment in the case, and, consequently, his appeal was interlocutory. Because the bankruptcy court entered the sanction solely against Myers and it was Myers who initiated the appeal, this court does have appellate jurisdiction over the matter.
 
 III.
 
 19
 Kennerly next contends the district court's reversal of the bankruptcy court's sanction against Myers reflects judicial legislation otherwise unsupported by any of the exceptions to the automatic stay rule set forth in 11 U.S.C. § 362(b).
 
 
 20
 This court reviews de novo district court decisions reviewing a bankruptcy court's imposition of sanctions for violation of the automatic stay provision set forth in 11 U.S.C. § 362(h). In re Gustafson, 934 F.2d 216, 218 (9th Cir.1991).
 
 
 21
 Section 362(h) of Title 11 provides: "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." Whether Myers' actions constitute a willful violation of the stay[5] begets the simpler threshold question of whether his actions violate § 362 at all. In our opinion, they do not.
 
 
 22
 Myers' actions in filing Judge Shaw's Petition to Resign and Report were precipitated by the deterioration of Judge Shaw's health. To the extent these filings touched upon Kennerly's bankruptcy proceeding below, they did so only to allow Judge Shaw to recoup the trustee's and attorneys' fees to which he was otherwise entitled from the general assets of the estate, and to provide an updated accounting to the estate's beneficiaries. In this way, the filings constituted neither an "action or proceeding" against Kennerly's bankruptcy estate in violation of § 362, Mellon Bank, N.A. v. Lee, 561 A.2d 41, 43 (Pa.Super.Ct.1989), nor a creation, perfection, or enforcement of any lien against the estate's property. John Deere Co. v. Alamosa Nat'l Bank, 786 P.2d 505, 506-07 (Colo.Ct.App.1989).
 
 
 23
 Consequently, we affirm the district court's reversal of the bankruptcy court's sanction order against Myers.
 
 
 24
 Affirmed.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The Honorable Myron H. Bright, Senior Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Filed in the United States Bankruptcy Court for the Central District of California, Bankruptcy No. LA-88-20259 RLR
 
 
 [2]
 The United States Bankruptcy Court Judge Louise de Carl Malugen, presiding
 
 
 [3]
 The United States District Court Judge Marilyn L. Huff, presiding
 
 
 [4]
 We note the bankruptcy court has since dismissed the Chapter 11 proceeding
 
 
 [5]
 In In re Taylor, 884 F.2d 478, 482 (9th Cir.1989) (quoting In re Bloom, 875 F.2d 224, 227 (9th Cir.1989)), this court set forth the standard in determining whether a willful violation under § 362(h) has occurred:
 A "willful violation" does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was "willful" or whether compensation must be awarded.