# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Angelia Turner,                                    :
                          Petitioner               :
                                                   :
              v.                                   :    No. 572 C.D. 2018
                                                   :    Submitted: October 12, 2018
Pennsylvania Housing Finance                       :
Agency,                                            :
                          Respondent               :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                 **FILED: November 16, 2018**


Angelia Turner (Turner), pro se, petitions for review of a February 16, 2018 Decision (Decision) of a Hearing Examiner of the Pennsylvania Housing Finance Agency (PHFA) affirming the Homeowners' Emergency Mortgage Assistance Program's (HEMAP) denial of Turner's application for mortgage assistance under the Act commonly known as the "Homeowner's Emergency Mortgage Assistance Loan Program" (Act 91).[1]  Upon review, we are without jurisdiction to decide the merits of this untimely filed Petition for Review.

---

[1] Act of December 3, 1959, P.L. 1688, *as amended*, added by Section 2 of the Act of December 23, 1983, P.L. 385, 35 P.S. §§ 1680.401c-1680.412c.

Turner[2] has a mortgage on her property held by TruMark Financial (TruMark) in the amount of $240,000, with a monthly payment of $1678.50. The mortgage was executed on September 1, 2015, and Turner made monthly payments until June 2017. On August 28, 2017, TruMark, in compliance with Act 91,[3] notified Turner by letter of the possibility of foreclosure and obtaining HEMAP loan assistance. (Certified Record (C.R.) Item No. 23.) Turner timely complied with HEMAP application requirements, and her request for a loan was denied on December 6, 2017. (C.R. Item No. 34.) Turner appealed, submitting additional financial information, and was again denied a loan on January 3, 2018. (C.R. Item Nos. 35-37, 42.) PHFA cited as reasons for its denial that there was no reasonable prospect that Turner could resume full payments within 24 months from the date of delinquency based upon (1) insufficient income to maintain the mortgage, and (2) insufficient income to maintain the mortgage for the past 2 years. (C.R. Item No. 42); *see* 35 P.S. § 1680.404c(a)(5).[4] Turner timely appealed, and a hearing was held on January 23, 2018.

---

[2] We note that although the mortgage is held by both Turner and her husband, the underlying Decision related only to Angelia Turner. Further, Turner makes no argument regarding whether her husband's income was incorrectly excluded from the Hearing Examiner's analysis.

[3] Section 403-C(a) of Act 91 requires that "[a]ny mortgagee who desires to foreclose upon a mortgage shall send to such mortgagor at his or her last known address the notice provided" in the statute. 35 P.S. § 1680.403c(a).

[4] Section 404-C(a) of Act 91 contains a list of requirements that must be established before assistance can be provided to a mortgagor. In relevant part, this section of Act 91 states:

> [n]o assistance may be made with respect to a mortgage or mortgagor under this article unless . . . [t]he agency has determined that there is a reasonable prospect that the mortgagor will be able to resume full mortgage payments within twenty-four (24) months after the beginning of the period for which assistance payments are provided under this article and pay the mortgage or mortgages in full by its

**(Footnote continued on next page…)**

Following the hearing and a review of the submitted financial documentation for Turner and TEC Electric Company (TEC), owned by Turner and her husband, the Hearing Examiner found in her Decision that Turner's net monthly income had declined and could not cover monthly living expenses, including the mortgage payment.[5] (Supplemental Reproduced Record (S.R.R.) at 6b.) For example, the Hearing Examiner noted that Turner's average net monthly income in 2017 was $660.43, but the monthly expenses reported on her application were $4445.50, of which $2944.50 was devoted to housing expenses. Reviewing income information of the past 24 months, the Hearing Examiner found the net monthly income insufficient to maintain mortgage payments for that time. The Hearing Examiner also acknowledged the existence of pending lawsuits on behalf of TEC to collect on alleged past due contracts, as well as possible new contracts to generate income for the business. However, given the speculative nature of the prospective contracts and legal settlements, the Hearing Examiner found that it remained uncertain if the anticipated funds would soon be paid to TEC and, in turn, to Turner as salary. Therefore, the Hearing Examiner affirmed the denial of loan assistance on February 16, 2018.

---

**(continued…)**

> maturity date or by a later date agreed to by the mortgagee or mortgagees for completing mortgage payments.

35 P.S. § 1680.404c(a)(5).

[5] Specifically, the Hearing Examiner reviewed: Federal Income Tax Returns for the years 2014, 2015, and 2016; TEC profit and loss statements prepared by Turner for January 1, 2017 through December 14, 2017, and January 1, 2018, through February 7, 2018; Turner's HEMAP application; and Turner's personal checking account statements for November 2017, December 2017, and January 2018. (Supplemental Reproduced Record (S.R.R.) at 2b-4b.)

By letter to this Court received on February 27, 2018, Turner sought appeal of the Decision. On February 27, 2018, this Court, in compliance with Section 211 of this Court's Internal Operating Procedures, 210 Pa. Code § 69.211 (Section 211),[6] sent notice (Notice) to Turner instructing her how to perfect her appeal. As set forth in the Notice, perfecting the appeal required filing a petition for review "**within 30 days of the date of this notice**." (Letter from the Commonwealth Court to Turner (February 27, 2018) at 2 (emphasis in original).) Turner did not file a petition for review within 30 days, and, by letter dated April 10, 2018, this Court notified her that no further action would be taken. On April 24, 2018, Turner filed a Petition for Review with documentation indicating she had served an incomplete petition for review on the Pennsylvania Office of Attorney General within the requisite 30 days,[7] but did not file it with the Court. Rather than quash

---

[6] Section 211 provides:

> When the chief clerk receives a written communication that evidences an intention to appeal an adjudication of a state administrative agency but does not conform to the rules for an appellate petition for review, the chief clerk shall time-stamp the written communication with the date of receipt. The chief clerk shall advise the party by letter (1) of the procedures necessary to perfect the appeal and (2) that the date of receipt of the communication will be preserved as the date of filing of the appeal if that party files a fully conforming petition for review within 30 days of the date of the chief clerk's letter. If the party fails to file a fully conforming petition for review within that period, the chief clerk shall advise the party by letter that the court will take no further action in the matter.

210 Pa. Code § 69.211.

[7] From a review of the record, it appears that Turner filled out portions of the form petition for review provided to her in the Notice. Turner filled out party names and the docket number, but did not provide an explanation for why she sought to appeal. However, she attached to the petition the Decision and proof of service on PHFA, TruMark, and the Pennsylvania Office of Attorney General. PHFA contends in its brief that it was not served with this petition and received it only after the Office of Attorney General forwarded it to PHFA. (PHFA's Brief (Br.) at 12-13.)

4

the appeal, this Court, by order dated May 9, 2018, directed the parties to address in their briefs on the merits whether the appeal is timely.

On appeal,[8] Turner does not address the question of timeliness, but argues there is substantial evidence showing an income sufficient to bring the mortgage current and continue payments. Turner asserts that the pending lawsuits and contracts involving TEC will soon produce income for TEC, which will allow her to make future mortgage payments.

PHFA first argues that the appeal is untimely because Turner did not file her perfected Petition for Review within 30 days of February 27, 2018, the date her letter evidencing her intention to appeal was received by this Court, as required by Section 211. Given this, PHFA asserts that we do not have jurisdiction to decide this appeal on the merits. PHFA also argues the record evidence supports the Hearing Examiner's conclusion that Turner has no reasonable prospect of resuming full mortgage payments within 24 months. PHFA points to the uncertainty of the settlement of TEC's lawsuits, the deficiency of current and future TEC contracts, and the current state of Turner's and TEC's income and expenses to assert that Turner has insufficient income to make mortgage payments.

Rule 1512(a)(1) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1512(a)(1), (Rule 1512(a)(1)), requires that "[a] petition for review of a quasijudicial order, or an order appealable under 42 Pa. C.S. § 763(b) (awards of arbitrators) or under any other provision of law, shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order."

---

[8] Our scope of review of PHFA decisions "is limited to a determination of whether constitutional rights were violated, an error of law was committed, or the findings of fact are not supported by substantial evidence." *Johnson v. Pa. Hous. Fin. Agency*, 512 A.2d 1319, 1321 (Pa. Cmwlth. 1986); 2 Pa. C.S. § 704.

5

Pa.R.A.P. 1512(a)(1). Section 211 of our Court's Internal Operating Procedures allows a petitioner to preserve a date of filing after a written communication of intent to appeal is received by the Chief Clerk so long as a conforming petition for review is filed within 30 days of the Notice from this Court. 210 Pa. Code § 69.211. If a petitioner does not file the petition in that time, this "[C]ourt will take no further action on the matter." *Id.* Untimeliness is a jurisdictional defect that cannot be waived nor can the time for taking an appeal "be extended as a matter of grace or mere indulgence." *Sofronski v. Civil Serv. Comm'n, City of Phila.*, 695 A.2d 921, 924 (Pa. Cmwlth. 1997); *see also Tishok v. Dep't of Educ.*, 133 A.3d 118, 122 n.2 (Pa. Cmwlth. 2016).

Turner notified this Court of her intent to appeal within 30 days of the Decision. As per the Notice she received thereafter, she then had 30 days from February 27, 2018, in which to file her petition for review in order to perfect the appeal. The Notice provided clear instructions on perfecting the appeal, the 30-day deadline, and the consequence of noncompliance. This was reiterated once more at the end of the Notice, where a checklist set forth "**what you must file with this Court at the address below within 30 days**." (Letter from the Commonwealth Court to Turner (February 27, 2018) at 2 (emphasis in original).) While we acknowledge that Turner attempted to serve the necessary parties with a petition for review within 30 days of the Notice, that does not satisfy the requirement of timely filing the petition for review with this Court. Turner did not file her Petition for Review until April 24, 2018, well beyond 30 days of the Notice.

Thus, this appeal is untimely, and we are without jurisdiction.[9]

_____

**RENÉE COHN JUBELIRER,** Judge

_____

[9] Although we do not have jurisdiction to decide the merits, we briefly note that reversal of the Decision is not warranted. When reviewing a HEMAP application for whether there is a reasonable prospect that the mortgagor will resume full mortgage payments within 24 months, PHFA may consider the potential for future changes in financial prospects, the ability to make monthly payments based upon income prospects, and available household income. 12 Pa. Code § 31.206(a). Here, the Hearing Examiner evaluated Turner's income for the past three years, the household expenses, and TEC's pending lawsuits and contracts as potential income sources. Following a thorough analysis of this information, the Hearing Examiner found no reasonable prospect that Turner could resume mortgage payments within the next 24 months. *See Mull v. Pa. Hous. Fin. Agency*, 529 A.2d 1185, 1188 (Pa. Cmwlth. 1987) (finding it was within the hearing examiner's discretion to determine that an applicant's income was insufficient to meet monthly expenses and, therefore, applicant did not meet the eligibility requirements for emergency loan assistance). Further, the Hearing Examiner found too speculative the evidence of potential TEC lawsuit settlements and contracts to reasonably produce income for Turner in the near future. *See R.M. v. Pa. Hous. Fin. Agency*, 740 A.2d 302, 308 (Pa. Cmwlth. 1999) (finding no error where the hearing examiner affirmed HEMAP denial because there was no evidence of when speculative future income would be realized). The facts are supported by substantial evidence, and the Hearing Examiner did not err or abuse her discretion. Therefore, even if the Petition for Review was timely filed, we would affirm the Decision.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Angelia Turner,                                  :
                    Petitioner        :
                                              :
                v.                              :    No. 572 C.D. 2018
                                                :
Pennsylvania Housing Finance            :
Agency,                                          :
                    Respondent        :

# O R D E R

    **NOW**, November 16, 2018, Angelia Turner's Petition for Review from the Decision of the Pennsylvania Housing Finance Agency, dated February 16, 2018, in the above-captioned matter, is **QUASHED** as untimely.

                                        _____

                                        **RENÉE COHN JUBELIRER,** Judge