**Burton FISH, Petitioner**

v.

**PENNSYLVANIA HOUSING FINANCE AGENCY, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted May 25, 2007.

Decided July 25, 2007.

Burton L. Fish, Erie, for petitioner.

John F. Goryl, Associate Counsel, Harrisburg, for respondent.

BEFORE: COLINS, Judge, and COHN JUBELIRER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Burton Fish, Esquire (Petitioner) petitions for review from an adjudication of the Pennsylvania Housing Finance Agency's (Agency) denial of Petitioner's application for emergency mortgage assistance under the Homeowner's Emergency Mortgage Assistance Loan Program (Act 91).[1] We affirm.

Petitioner's father and mother were the owners of property located at 5218 Buffalo Road in Erie (Property) prior to his father's death in 1996. Upon his father's death, Petitioner's mother became the sole owner of Property. In September of 2001, Petitioner and his mother entered into a mortgage loan agreement with Ameriquest Mortgage Company (Ameriquest) in the amount of $67,200.00. The proceeds of the loan went to Petitioner. The mortgage was subsequently assigned to Ocwen Federal Bank, FSB (Ocwen or lender).

Petitioner resided alone at the Property at least since the time the mortgage was secured. Petitioner's mother resided with Petitioner's wife and children at 3591 Williams Road in Erie, a property also owned by his mother. It was understood that Petitioner's wife and mother would pay the mortgage payment on the Property.

On April 19, 2005, Ocwen sent Petitioner's mother an Act 91 notice, notifying her that her mortgage on the Property was in default due to monthly payments not being made. The Act 91 notice informed the mortgagors of steps that could be taken to avoid foreclosure including obtaining a Homeowner's Emergency Mortgage Assistance Loan Program loan (HEMAP loan). A copy of the notice was also sent to Petitioner. Neither Petitioner nor his mother applied for a HEMAP loan at that time. In June of 2005, a foreclosure action was filed by the lender against Petitioner and his mother. Petitioner took issue with that complaint and the foreclosure action was discontinued by the filing of a praecipe on September 12, 2005.

On December 1, 2005, a second foreclosure complaint was filed by the lender with the initial Act 91 notice attached. On February 15, 2006, Petitioner's mother died. Two days prior to her death, Petitioner transferred the ownership of the Property to himself by utilizing a power of attorney given to him by his mother. He did so in order to "avoid probate expenses and inheritance taxes and so on." (R.R. at 18.) Later that month, Petitioner sent one mortgage payment in the amount of $571.06 to the lender. The lender returned Petitioner's payment with a letter, indicating that the funds were being returned due to the fact that they were insufficient to bring the account current. At this point, the account had been delin-

---

1. Act of December 3, 1959, P.L. 1688, added by the Act of December 23, 1983, P.L. 385, *as* *amended*, 35 P.S. §§ 1680.401c–1680.410c.

quent since February of 2005 and a foreclosure action was pending.

On August 15, 2006, Petitioner met with a consumer credit counseling agency, Greater Erie Community Action Coalition (GECAC) to prepare an application for a HEMAP loan. GECAC forwarded the application to the Agency, which received it on August 28, 2006.

On October 24, 2006, the Agency notified Petitioner that his application had been denied for the following reasons:

1. Applicant is not suffering financial hardship due to circumstances beyond applicant's control based on: Total mortgage delinquency is not due to circumstances beyond applicant's control: Per 2005 federal income tax return, applicant received a federal income tax refund of $6,180.00, which was sufficient to make ten mortgage payments, yet applicant has nothing saved toward the mortgage delinquency and the mortgage remains due for the February 2005 payment.

2. Applicant is not suffering financial hardship due to circumstances beyond applicant's control based on: Applicant's average net monthly income of $2,161.00 has been sufficient to meet the total monthly expenses as stated on the application, yet applicant has failed to save any funds toward the mortgage delinquency. Applicant has not made a mortgage payment since March 2005. Mortgage delinquency could have been minimized if mortgage would have remained a priority.

3. Applicant failed to comply with procedural requirements of Act 91: Applicant failed to attend a face-to-face meeting with a Consumer Credit Counseling Agency within 33 days from the postmark date of the Act 91 Notice dated 04/19/05; face-to-face meeting held on 08/15/06.

Agency Denial, October 24, 2006, at 1.[2] On November 3, 2006, the Agency received Petitioner's appeal request. On November 6, 2006, the Agency notified Petitioner of a hearing date and time.

On December 7, 2006, a hearing was held and on December 13, 2006, the Hearing Examiner affirmed the Agency's decision. Petitioner now petitions our court

---

**2.** Sections 404–C(a)(4) and (10) of Act 91, 35 P.S. §§ 1680.404c(a)(4) and (10), provide, in pertinent part:

(a) No assistance may be made with respect to a mortgage or mortgagor under this article unless all of the following are established:

\* \* \*

(4) The mortgagor is a permanent resident of this Commonwealth and is suffering financial hardship due to circumstances beyond the mortgagor's control which render the mortgagor unable to correct the delinquency or delinquencies within a reasonable time and make full mortgage payments.

\* \* \*

(10) For purposes of this section, in order to determine whether the financial hardship is due to circumstances beyond the mortgagor's control, the agency may consider information regarding the mortgagor's employment record, credit history and current income.

Section 403–C of Act 91, 35 P.S. § 1680.403c(b)(1), provides in pertinent part: (b)(1) The agency shall prepare a notice which shall include all the information required by this subsection and by section 403 of the act.... This notice shall also advise the mortgagor of his delinquency or other default under the mortgage and that such mortgagor has thirty (30) days to have a face-to-face meeting with the mortgagee who sent the notice or a consumer credit counseling agency to attempt to resolve the delinquency or default by restructuring the loan payment schedule or otherwise.

The 33 days referenced above in the agency's decision allows three days for mailing the notice pursuant to Section 403–C (e) of Act 91, 35 P.S. § 1680.403c(e).

for review.[3]

Petitioner contends that the Agency failed to properly address whether his HEMAP loan was declined due to a $22,972.55 defect in the Act 91 notice. Petitioner further contends that the circumstances of his case, including the prior action in foreclosure and its withdrawal by praecipe, require that a new Act 91 notice be given.

■ First, Petitioner specifically contends that he has been unable to determine whether the Agency denied his application based on the amount set forth in the defective Act 91 notice or based upon the amount of assistance he actually needs ($571.06 times the number of months he is in arrears). Petitioner further states that he has been unable to determine which amount he needed to apply for and thus, has been denied his right to submit and receive consideration of a proper assistance application.

We note that Petitioner was denied the HEMAP loan due to the fact that he was "not suffering financial hardship." Thus, Petitioner's claim that he doesn't know which amount the Agency denied is irrelevant, as he would be suffering less of a financial hardship if the defect in the Act 91 notice was taken into consideration by the Agency in making its decision.

Next, Petitioner contends that the lender was required to send a new Act 91 notice after the prior action in foreclosure was withdrawn by praecipe. He fails however to support this contention with any case law or argument.

■ The purpose of an Act 91 notice is to instruct the mortgagor of different means he may use to resolve his arrearages in order to avoid foreclosure on his property and also gives him a timetable in which such means must be accomplished. 35 P.S. § 1680.403c. Specifically, the Act 91 notice informs the mortgagor of the availability of financial assistance through HEMAP. 35 P.S. § 1680.403c(b)(1). Act 91 further states that if the mortgagor and mortgagee reach an agreement and thereafter the mortgagor is again unable to make payment, "[t]he mortgagee shall not be required to send any additional notice pursuant to this article." 35 P.S. § 1680.403c(d).

In the present controversy, Petitioner received the Act 91 notice which provided him with alternatives, the time in which he needed to accomplish such acts and the consequences for failing to accomplish the acts. Thereafter, the lender filed a foreclosure action which was subsequently withdrawn. However, it does not follow that the Act 91 notice would have been withdrawn as well, as the Act 91 notice merely places a mortgagor on notice that if the mortgagor does nothing, a foreclosure action will follow. As Petitioner had done nothing upon receipt of the Act 91 notice, it should not have been a surprise to him when the second foreclosure action was filed. The lender was not required to send any additional notice under Act 91. 35 P.S. § 1680.403c(d).

■ Petitioner also claims that he should not be treated as an entity with his mother, as if they were husband and wife. Here, Petitioner is being treated as a mortgagor, as he and his mother acquired the mortgage together. Petitioner received all of the notices of delinquency along with his mother and was therefore, aware that the payments were not being made. The Act 91 notice was sent to both Petitioner and his mother at their separate

---

**3.** Our review is limited to whether constitutional rights were violated, an error of law committed, or the findings of fact are not supported by substantial evidence. *Johnson v. Pennsylvania Housing Finance Agency,* 99 Pa.Cmwlth. 77, 512 A.2d 1319 (1986).

addresses. Petitioner opted not to address the notice until 16 months later. This was in violation of Section 402–C of Act 91, 35 P.S. § 1680.402c, which requires a homeowner to apply for assistance within 30 days of receipt of the Act 91 notice. Failure to timely apply for assistance through HEMAP is a legitimate reason for the Agency to deny an applicant's application. *Mull v. Pennsylvania Housing Finance Agency,* 108 Pa.Cmwlth. 459, 529 A.2d 1185 (1987). As this was also one of the reasons stated by the Agency for the denial of Petitioner's HEMAP loan, we find that this was supported by the record as well.

Accordingly, we affirm the decision of the Agency.

### *ORDER*

AND NOW, this 25th day of July, 2007 the order of the Pennsylvania Housing Finance Agency in the above-captioned matter is affirmed.