IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald J. Neumann,               :
               Petitioner        :
                                   :
           v.                     :
                                   :
Pennsylvania Housing       :
Finance Agency,               :    No. 1533 C.D. 2013
              Respondent    :    Submitted: May 2, 2014

BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
                  HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE McGINLEY                 FILED: July 22, 2014

        Ronald Neumann (Neumann) challenges the order of the Pennsylvania Housing Finance Agency (PHFA) that affirmed the Pennsylvania Housing Finance Agency, Homeowners' Emergency Mortgage Assistance Program's (HEMAP) decision to deny a mortgage assistance loan to Neumann.

        Neumann owned real property located at 3204 Elmwood Drive, Harrisburg, Pennsylvania (Property). On March 20, 2013, Metro Bank informed Neumann of its intent to initiate a foreclosure action on the Property because Neumann was several months past due on his mortgage. On April 10, 2013, Neumann met with Advantage Credit Counseling Service (ACCS), a consumer credit counseling agency, to prepare a HEMAP loan application. ACCS submitted the application to HEMAP on May 6, 2013.

        By letter dated May 22, 2013, HEMAP denied the application:

> 1. Applicant [Neumann] is not suffering financial hardship due to circumstances beyond applicant's control: The expenses as listed on the application exceed the highest reported income on the 2010-2012 federal income tax returns. This level of income compared to expenses further hampered their [sic] ability to maintain the mortgage payments.
>
> 2. No reasonable prospect of applicant resuming full mortgage payments within thirty-six (36) months from the date of the mortgage delinquency and paying the mortgage(s) by maturity based on: The current income as stated on the profit and loss remains insufficient to maintain full mortgage payments. Future ability to generate sufficient income remains uncertain.

HEMAP Letter, May 22, 2013, at 1; Supplemental Reproduced Record (S.R.R.) at 5b.

Neumann timely appealed HEMAP's denial to PHFA. On July 2, 2013, Pamela Fisher (Fisher), hearing examiner for PHFA, conducted a hearing. Fisher stated:

> As the hearing examiner, I am unbiased and I have no special or personal interest in the outcome of the hearing. The outcome will be based on the facts in the record and testimony provided during hearing. The hearing is not a round table discussion the loan officer who initially denied your application for assistance will not be present at the hearing. But the hearing affords you an opportunity to present evidence and testimony as it relates to your denial of assistance.

Notes of Testimony, July 2, 2013, (N.T.) at 1-2; S.R.R. at 11b-12b.

Neumann testified that he had filed for bankruptcy under Chapter 13. He had not received a bankruptcy discharge and paid a monthly trustee payment of

2

$130.00 per month. N.T. at 3; S.R.R. at 13b. Neumann had unsecured debt of $63,348.32, the majority of which would be discharged through bankruptcy. N.T. at 4-5; S.R.R. at 14b-15b. Neumann estimated that his gross income was $4,200.00 per month. He lost his sales job in September of 2002. N.T. at 6-7; S.R.R. at 16b-17b. Neumann's wife had filed for Social Security disability because she is bi-polar and has an underactive thyroid and fibromyalgia. Her application was denied, but she planned to appeal. N.T. at 8; S.R.R. at 18b. Neumann, who had a nursery business, related that he had a patent idea which he believed would be attractive to John Deere Corporation and from which he could benefit financially. N.T. at 9; S.R.R. at 19b. He believed that his system would allow nurseries to put "a stake in at the time of planting" and would use a computer program to organize and keep track of inventory. N.T. at 10; S.R.R. at 20b. Neumann purchased the Property in 1989 and subsequently put additions on that he valued at $100,000. N.T. at 11; S.R.R. at 21b. Neumann inherited $900,000.00 from his parents in 2009. N.T. at 12; S.R.R. at 22b.

In a decision dated July 9, 2013, Fisher affirmed the denial of the HEMAP loan. Fisher determined:

> The Appellant [Neumann] has been the sole proprietor of a nursery plant sales wholesale company for 23 years. The Appellant [Neumann] stated that his business has suffered substantially as a result of the financial housing collapse. In 2012, he managed to double sales from 2011 before running out of resources to pay all of his bills. He stated that he managed to stay solvent through August 2012.
> . . . .
> According to testimony, the nursery business had never stalled out like this before. The Appellant [Neumann] exhausted $25,000 in savings plus $900,000 received

3

from an inheritance. He has approximately $5,000 remaining.

The federal income tax returns for 2010, 2011 and 2012 were provided with the application. The federal income tax returns are the acceptable verification for income earned from self-employment and consulting. Capital loss and depreciation are added to total income. The federal income tax returns are the source of the income history, which is as follows:

| Year | Annual Income | Net Monthly Income |
|------|---------------|--------------------|
| 2010 | $14,376 | $899 |
| 2011 | $1,925 | $120 |
| 2012 | -($33,112) | $0 |

The mortgage held by Metro Bank was executed in January 2009 to refinance the mortgage and finance an addition to the subject property. The amount financed at that time was $185,000. . . . Currently the monthly mortgage payments are $1,606 and are delinquent from September 2012. Prior to the refinance, the monthly mortgage payments were $750. The Appellant [Neumann] testified that they have no savings to apply toward the mortgage delinquency. The Appellant [Neumann] estimates they will be able to resume full mortgage payments within 6 months.

. . . .

The foregoing findings of fact exhibit historical income based on federal income tax returns for 2010, 2011, and 2012. . . . The Appellant's [Neumann] highest income year was in 2010 when the Appellant [Neumann] had an annual gross income of $14,376. Deducting 25% to cover tax deductions equates to a net monthly income of $899 in 2010, or $4,761 less than the total monthly expenses of $5,660.

The Agency reviews the last 3 years income to determine a homeowner's reasonable prospects of resuming full mortgage payments within the maximum limit of the program, which is 36 months from the date of the mortgage delinquency. Net monthly income has been insufficient to meet total monthly expenses from 2010 to the present. Although Kathleen Neumann is appealing

4

her denial of Social Security disability benefits, it remains speculative to assume she will be approved benefits in an amount necessary to bridge the gap between net monthly income and total monthly expenses. In addition, the Appellant [Neumann] is optimistic that his patent will be sold for a substantial amount and that he will be offered employment with John Deere. However, at this point, it remains unknown if this will come to fruition. Based on the historical income versus expenses, the mortgage assistance loan was properly denied on the basis: No reasonable prospect of Applicant [Neumann] resuming full mortgage payments within thirty-six (36) months from the date of the mortgage delinquency and paying the mortgage(s) by maturity based on: The current income, as stated on the profit and loss, remains insufficient to maintain full mortgage payments. Future ability to generate sufficient income remains uncertain. . . .

. . . .

The recession certainly added to the financial difficulties but the Appellant [Neumann] increased the mortgage balance and more than doubled the monthly mortgage payment during the period of recession. The Appellant [Neumann] filed bankruptcy as well as exhausting a $900,000 inheritance, further evidence of overextension. Overextension is not considered by the agency to be a circumstance beyond the homeowner's control. In this context, the mortgage assistance loan is denied on the basis: Applicant [Neumann] is not suffering financial hardship due to circumstances beyond Applicant's [Neumann] control based on: Total mortgage delinquency is not due to circumstances beyond Applicant's [Neumann] control: The expenses listed on the application exceed the highest reported income on the 2010-2012 federal income tax returns. This level of income compared to expenses further hampered their [sic] ability to maintain their [sic] mortgage payments. (Citations omitted).

Notice of Decision of Hearing Examiner, July 9, 2013, at 2-4; S.R.R. at 2b-4b.

Neumann contends that Fisher "erred or violated scope and rules involving adjudication regarding" his appeal and that Fisher was overzealous in questioning him to the point of asking personal questions and interrogated him as if she were a loan officer.[1]

Regarding his first issue, Neumann contends that Fisher prevented him from exercising his right to question the loan officer who initially denied his HEMAP application.  In the argument section of his brief, Neumann makes only a passing reference to this issue.  He does not cite any case law or statute to support his position that the loan officer was required to be present.  In the Summary of Argument in his brief, he does refer to a description of the HEMAP appeal process which states "The hearing examiner poses questions to the homeowner to gather facts surrounding the reasons for the mortgage delinquency and asks further questions of the loan officer, if necessary."  Pennsylvania Housing Finance Agency, Homeowner's Emergency Assistance Program Appeal Process at 1.  It is not clear where Neumann obtained this information.  PHFA asserts that it may have come from a website of the Pennsylvania Department of Labor and Industry (Department) and which PHFA supplied to the Department to aid in its implementation of Sections 561-588 of the Administrative Agency Law, 2 Pa.C.S. §§561-588, relating to the use of interpreters in administrative agency proceedings.  This statement is not a statute or regulation and does not have the force of law.  At any rate, the statement does not support Neumann's contention as it only states that

---

[1]     This Court's review is limited to determining whether constitutional rights were violated, an error of law was committed, or the findings of fact are not supported by substantial evidence.  Fish v. Pennsylvania Housing Finance Agency, 931 A.2d 764, 767 n.3 (Pa. Cmwlth. 2007).

the hearing examiner will question the loan officer, if necessary. Obviously, Fisher did not believe that it was necessary to question the loan officer. Furthermore, Neumann does not state how he was prejudiced by the failure of the loan officer to appear or what he would have asked the loan officer if she was present. This Court discerns no error.

Next, Neumann contends that Fisher was overzealous in questioning him and asked him personal questions as a means of interrogating him. Neumann asserts that Fisher did not act impartially because Fisher was previously a HEMAP loan officer. This partiality led Fisher to deny Neumann the right to question the loan officer and to ask questions which strengthened HEMAP's denial of benefits. This Court has already addressed the failure of the loan officer to appear and notes that Neumann did not raise an objection at the hearing. With regard to the questions asked by Fisher, a review of the hearing transcript reveals that Fisher simply did her job and asked questions regarding Neumann's income, financial situation, and ability to pay the mortgage. Neumann does not point to any specific instance of bias or to any specific questions he believed exceeded the scope of Fisher's duties. This issue has no merit.

Accordingly, this Court affirms.

_____
BERNARD L. McGINLEY, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald J. Neumann,                          :
                    Petitioner              :
                                            :
          v.                                :
                                            :
Pennsylvania Housing                        :
Finance Agency,                             :        No. 1533 C.D. 2013
                    Respondent              :

# **O R D E R**

AND NOW, this 22nd day of July, 2014, the order of the Pennsylvania

Housing Finance Agency in the above-captioned matter is affirmed.

_____
BERNARD L. McGINLEY, Judge