J-S54033-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| CITIFINANCIAL SERVICING, LLC, A DELAWARE LIMITED LIABILITY COMPANY, 300 ST. PAUL PLACE, BALTIMORE, MD 21202 | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| | : | No. 267 WDA 2017 |
| TRACEY A. WILSON, DARRELL A. ARBORE, A/K/A DARRELL ARBORE, 690 ADELE DRIVE, NORTH HUNTINGDON, PA 15642 | : : : : : | |
| Appellants | : | |

Appeal from the Order Dated January 9, 2017
In the Court of Common Pleas of Westmoreland County
Civil Division at No(s): 4288 of 2012

BEFORE:  OTT, MOULTON, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:               FILED NOVEMBER 13, 2017

Appellants, Tracey A. Wilson ("Wilson") and Darrell A. Arbore, A/K/A Darrell Arbore ("Arbore"), appeal from the order entered in the Westmoreland County Court of Common Pleas granting Appellee Citifinancial Servicing, LLC's motion for summary judgment in this mortgage foreclosure action.  Appellants claim that the entry of judgment against Arbore was improper because he only signed the mortgage and not the note and that Appellee lacked standing to foreclose because Appellee failed to establish it

_____

[*] Former Justice specially assigned to the Superior Court.

was a holder of either the mortgage or the note. Additionally, Appellants contend that the foreclosure action should be barred because Appellee failed to provide notice under Act 91.[1] We affirm.

The trial court summarized the facts of this case as follows:

> [Appellee] alleges that [Appellants] executed a Mortgage on November 29, 2007, and that [Wilson] executed a Promissory Note in the principal sum of $203,993.65, to be paid in equal, consecutive monthly installments of $1,776.16. Said mortgage and Promissory Note were for the purchase of the property located at 690 Adele Drive, North Huntingdon, PA 15642. [Appellants] defaulted under the Mortgage and Note by failing to make payments due October 6, 2010 and each month thereafter.

Trial Ct. Op., 1/10/17, at 1.

On July 12, 2012, Citifinancial Service, Inc.,[2] filed a complaint in mortgage foreclosure. On June 16, 2014, Appellee filed an amended complaint. Appellee averred that an assignment of the mortgage was recorded on January 15, 2014[3] with the Westmoreland County Recorder of

_____

[1] See 35 P.S. § 1680.403c.

[2] The original mortgage was issued by Citifinancial Services, Inc. Id. at 46a, 23b. On October 1, 2013, Citifinancial Services, Inc., changed its name to CFNA Receivables (PA), Inc. Id. at 37b. For the parties' convenience, we refer to the reproduced record where applicable. We note that Appellants' reproduced record is demarcated "a" and Appellee's reproduced record is identified as "b."

[3] CFNA Receivables assigned the mortgage to Appellee on January 13, 2014. Id. at 61a, 39b.

- 2 -

Deeds.[4]  On July 23, 2014, Appellants filed preliminary objections to the amended complaint.  The preliminary objections were overruled on February 17, 2015.[5]  On April 17, 2015, Appellants filed an answer and new matter

_____

[4] See R.R. at 181a, 84(b).  We note that in a mortgage foreclosure action, the complaint shall state, inter alia, "the parties to and the date of the mortgage, and of any assignments, and a statement of the place of record of the mortgage and assignments . . . ."  Pa.R.C.P. 1147(a)(1).  "In pleading an official document or official act, it is sufficient to identify it by reference and aver that the document was issued or the act done in compliance with law."  Pa.R.C.P. 1019(d).

[5] The trial court held:

> [Appellants'] Preliminary Objection #1, as to [Appellee's] lack of capacity to sue per Pa.R.C.P. 1028(a)(5), based on the argument that [Appellee] failed to sufficiently plead a chain of title for the mortgage, by identifying the Plaintiff as Citifinancial Services, Inc. in its original Complaint, but identifying Citifinancial Servicing, LLC as Plaintiff in its Amended Complaint, is hereby OVERRULED, as the chain of title for the mortgage is well-established by facts pled in Paragraphs 3 and 4 of the Amended Complaint and Exhibits thereto.  The [c]ourt notes that [Appellants] agreed to the submission of an Amended Complaint by [Appellee] and that said Amended Complaint properly put [Appellees] on notice of Citifinancial Servicing LLC's claim of interest to the subject mortgage.
>
> [Appellants'] Preliminary Objection #2, pursuant to Pa.R.C.P. 1019(h) and (i), for failure to conform to rule of court, based upon [Appellee's] failure to attach a signed, written assignment of the mortgage, is hereby OVERRULED, as [Appellee] has complied with Pa.R.C.P. 1147, by identifying the date of the assignment, along with recording information for said assignment in its Amended Complaint.

R.R. at 144b.  See also R.R. at 181a, 84b.

and a counterclaim. Appellants' counterclaim was dismissed on July 20, 2015. Appellee filed a motion for summary judgment on January 4, 2016. Although Appellants did not respond within thirty days, the trial court granted them leave to conduct further discovery and file a responsive brief. On June 10, 2016, Appellants filed a brief in opposition to Appellee's motion for summary judgment and motion for summary judgment on June 13, 2016. On January 9, 2017, the trial court denied Appellants' motion for summary judgment and granted Appellee's motion for summary judgment.[6] This timely appeal followed.

Appellants present the following questions for our review:

> 1. Whether the trial court erred as a matter of law or abused its discretion by entering the in Rem Judgment in the amount of $310,660.91 when that amount is a material issue of fact that was not proved at trial or agreed upon by the parties and was denied in [Appellants'] pleadings.
>
> 2. Whether the trial court erred in granting summary judgment to [Appellee] and denying [Appellants'] motion for summary judgment where the assignment of the Mortgage and the allonge to the note are invalid on their face as those instruments are not signed by either the assignor or the assignee to the instruments but instead by a third party unrelated to the [Appellee].
>
> 3. Whether the trial court erred as a matter of law by allowing the current [Appellee] to move forward with their amended complaint when at the time of the filing of the

_____

[6] An in rem judgment was entered in favor of Appellee and against Appellants for $310,660.91 plus interest from December 16, 2015. See Order, 1/9/17.

initial complaint the current [Appellee] did not hold the subject mortgage or note and also failed to properly substitute a new party plaintiff.

Appellants' Brief at vi.

Although Appellants present three questions for review, the argument section of the brief is not set forth as required by Pennsylvania Rule of Appellate Procedure 2119(a). See Pa.R.A.P. 2119(a). ("The argument shall be divided into as many parts as there are questions to be argued . . . ."); Krebs v. United Ref. Co. of Pa., 893 A.2d 776, 797 (Pa. Super. 2006) ("We will not ordinarily consider any issue if it has not been set forth in or suggested by an appellate brief's statement of questions involved, Pa.R.A.P. 2116(a) . . . ."). Moreover, Appellants present arguments not farily suggested by their questions. However, because this defect does not impede our ability to conduct appellate review, we decline to find waiver, and will address the arguments set forth in the brief. See Commonwealth v. Kane, 10 A.3d 327, 331 (Pa. Super. 2010).

Appellants first assert that Appellee could not obtain a judgment against Arbore because he did not sign the note. No relief is due.

Our review is governed by the following principles:

> The standards which govern summary judgment are well settled. When a party seeks summary judgment, a court shall enter judgment whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense that could be established by additional discovery. A motion for summary judgment is based on an evidentiary record that entitles the moving party to a judgment as a matter of law. In considering the merits of

> a motion for summary judgment, a court views the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Finally, the court may grant summary judgment only when the right to such a judgment is clear and free from doubt. An appellate court may reverse the granting of a motion for summary judgment if there has been an error of law or an abuse of discretion. . . .

Varner-Mort v. Kapfhammer, 109 A.3d 244, 246-47 (Pa. Super. 2015) (citation omitted).

Appellants cite no legal authority in support of their claim that judgment was improperly entered as to Darrell Arbore, nor do they attempt to formulate a cogent response to the trial court's determination that Arbore's failure to sign the note was irrelevant because both Willams and Arbore signed the mortgage. Trial Ct. Op. at 3. Therefore, this issue could be deemed waived. See Pa.R.A.P. 2119(a); In re Estate of Whitley, 50 A.3d 203, 209 (Pa. Super. 2012). In any event, because Arbore signed the mortgage, we discern no basis to conclude that the foreclosure and the entry of an in rem judgment against Arbore was improper. Cf. In re Hartje's Estate, 28 A.2d 908, 910 (Pa. 1942)) ("It is well settled in Pennsylvania that a mortgage may be executed without personal liability: 'A mortgage may be created as well without as with an accompanying personal obligation of the mortgagor to pay the debt secured, or attempted to be secured, thereby.'").

In their second and third arguments,[7] Appellants contend the assignment of the mortgage and the allonge[8] to the note are invalid because the assignment of the mortgage was not signed by the assignor or the assignee. Appellants' Brief at 6. Appellants aver "[i]t is incumbent upon [Appellee] in this case to prove that the assignment of the mortgage which it is attempting to enforce was, in fact, endorsed by the lender." Id. at 7. Appellants maintain that possessing the mortgage assignment and note does not qualify Appellee as a "holder." Id. Appellants claim that because "the Note that is attached to [Appellee's] Amended Complaint and their Brief in Support is not an original, . . . the Complaint must be dismissed." Id. at 8.

> Thus, since [Appellee] was not the holder of the note and mortgage at the time the cause of action was filed then it cannot bring a foreclosure case regardless of whether [Appellants] missed any payments. Without possession of a valid, written assignment of the mortgage and the note [Appellee] possesses no cause of action against [Appellants] because [Appellants'] alleged breach, if there was one, can be asserted only by the holder of the note and mortgage.

Id. at 8-9. Appellants further claim that

_____

[7] We address Appellants' second and third arguments jointly as they are interrelated.

[8] See R.R. at 199a, 35b. "An allonge is defined as '[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements.' Black's Law Dictionary 76 (Deluxe 7th ed.)." Gerber v. Piergrossi, 142 A.3d 854, 858 n.5 (Pa. Super. 2016), appeal denied, 166 A.3d 1215 (Pa. 2017).

> because [Appellee] in the case at bar lacked any legal interest in the subject mortgage and note (which is undated) until January 13, 2014 and the mortgage foreclosure action was filed on July 12, 2012 (assuming, arguendo, that the January 13, 2014 assignment is found to be valid), [Appellee] likewise lacked legal standing to file the instant action until January 13, 2014 at the earliest.

Id. at 10-11. Appellants also suggest that "because [Appellee] was not the record holder of the subject note and mortgage on the date the suit was filed, this case should be dismissed with prejudice." Id. at 12.

In Crawford Cent. Sch. Dist. v. Com., 888 A.2d 616 (Pa. 2005), our Supreme Court opined:

> An assignment is a transfer of property or a right from one person to another; unless qualified, it extinguishes the assignor's right to performance by the obligor and transfers that right to the assignee. Under the law of assignment, the assignee succeeds to no greater rights than those possessed by the assignor. An assignee's rights, however, are not inferior to those of the assignor. Ultimately, an assignee stands in the shoes of the assignor. Privity is not an issue in cases involving assignment claims; an assignee does not pursue a cause of action in its own right.

Id. at 619-20 (citations and quotation marks omitted).

It is well-established that "the real party in interest" may prosecute a legal action. Pa.R.C.P. 2002(a). In CitiMortgage, Inc. v. Barbezat, 131 A.3d 65 (Pa. Super. 2016), the appellant claimed that "appellee did not establish it possessed a valid assignment of the mortgage, and that the note was never assigned or otherwise transferred to appellee." Id. at 68. The

"[a]ppellant therefore assert[ed] that appellee was not the real party in interest and lacked standing to bring this action." Id.

In Barbezat, this Court opined:

> In a mortgage foreclosure action, the mortgagee is the real party in interest. This is made evident under our Pennsylvania Rules of Civil Procedure governing actions in mortgage foreclosure that require a plaintiff in a mortgage foreclosure action specifically to name the parties to the mortgage and the fact of any assignments. Pa.R.C.P. 1147. A person foreclosing on a mortgage, however, also must own or hold the note.
>
> * * *
>
> . . . Here, appellee not only averred, but also produced evidence that it was the holder of the mortgage. Specifically, appellee alleged in its complaint that "[Appellee] is [a] proper party . . . by way of an Assignment of Mortgage recorded August 6, 2012 under Instrument 2012032210." Appellee produced copies of the original recorded mortgage and its recorded assignment to appellee. Where an assignment is effective, the assignee stands in the shoes of the assignor and assumes all of his rights.

Id. at 68-69 (some citations omitted and emphasis added).

In Gerber, this Court held:

> [W]e have determined a note secured by a mortgage is a negotiable instrument, as that term is defined by the PUCC [the Pennsylvania Uniform Commercial Code], and stated that "[p]ursuant to the PUCC, a debtor who satisfies his obligations under a negotiable instrument cannot be required to do so again, even if the recipient of the debtor's performance is not the holder of the note in question." We further reasoned that under the PUCC, a borrower is not in peril of double liability or injury by an allegedly defective assignment, for if the assignment to the foreclosing party had been defective, the borrower would not have to pay on the note to another party. Thus, we

found a borrower lacks standing to challenge the validity of the assignment.

Gerber, 142 A.3d at 862 (citations omitted and emphasis added).

In the instant case, the trial court opined:

[Appellee] argues that the assignment of the subject Mortgage and Note was proper, presenting the original Note to the Court at the time of Oral Argument to show that [Appellee] is the Note holder. . . . Additionally, [Appellee] argues that it has standing to enforce both against [Appellants]. Additionally, [Appellee] argues that because [Appellants] are not parties to the Assignment, that they do not have standing to challenge it.

Based upon [Appellee's] well-reasoned arguments and the case law asserted in [Appellee's] Brief and at Oral Argument, the [c]ourt must agree with [Appellee] and reject [Appellants'] challenge of the Assignment and Note.

Trial Ct. Op. at 4. We agree no relief is due.

We reject Appellants' claim that because Appellee was not the holder of the note and the mortgage at the time the cause of action was filed, it cannot bring a foreclosure case. Appellee, as assignee, stands in the shoes of the assignor and does not pursue a cause of action in its own right. See Crawford Cent. Sch. Dist., 888 A.2d at 619-20. Instantly, Appellee was the holder of the mortgage and was the real party in interest by virtue of the assignment of the mortgage. See Barbezat, 131 A.3d at 68-69. Appellee produced copies of the original recorded mortgage and recorded assignment. See id. Furthermore, Appellants lack standing to challenge the validity of the assignment. See Gerber, 142 A.3d at 859–60.

Lastly, Appellants claim the court lacks subject matter jurisdiction because Appellee did not comply with the notice requirements of Act 91 of 1983.[9]  Appellants' Brief at 12.  Appellants aver that the Act 91 notice was sent by the original Plaintiff, not Appellee.[10]  Id. at 13.  Appellants argue that "[n]otice which complies with the requirements of Act 91 is a jurisdictional prerequisite to a mortgage lender's suit."  Id. at 12.

We note that "'[t]he purpose of an Act 91 notice is to instruct the mortgagor of different means he may use to resolve his arrearages in order to avoid foreclosure on his property and also gives him a timetable in which such means must be accomplished.  35 P.S. § 1680.403c.'"  Wells Fargo Bank, N.A. ex rel. Certificate Holders of Asset Backed Pass-through Certificates Series 2004-MCWI v. Monroe, 966 A.2d 1140, 1142 (2009) (quoting Fish v. Pennsylvania Housing Fin. Agency, 931 A.2d 764, 767 (Pa.Cmwlth.2007)).  In Beneficial Consumer Discout Co. v. Vukman, 77 A.3d 547 (Pa. 2013), our Supreme Court opined:

> [The a]ppellee's entire argument relies on her incorrect assumption that the Legislature has required the cause of action in foreclosure to include a mortgagee's compliance with Act 91's requirements.  A cause of action is "a factual situation that entitles one person to obtain a remedy in court from another person."  Black's Law Dictionary 235 (8th ed. 2004).  In foreclosure, this factual situation includes a mortgagor's default on a duly executed mortgage.  See Pa.R.C.P. 1147(a) (itemizing factual

_____

[9] This issue was not raised in the statement of questions.
[10] R.R. at 67a.

averments required in mortgage foreclosure complaint). The cause of action does not include the procedural requirements of acting on that cause. [The a]ppellee's overarching assertion that Act 91 imposes jurisdictional prerequisites on mortgage foreclosure actions is unsupportable.

Turning to the definitions of "procedural law" and "procedure," the Act 91 notice requirements appear to fit comfortably in the procedural realm as they set forth the steps a mortgagee with a cause of action must take prior to filing for foreclosure. See Black's Law Dictionary 1241 (8th ed. 2004) (Procedural law: "The rules that prescribe the steps for having a right or duty judicially enforced, as opposed to the law that defines the specific rights or duties themselves." Procedure: "1. A specific method or course of action. 2. The judicial rule or manner for carrying on a civil lawsuit or criminal prosecution."). Contrary to [the] appellee's argument, the Act 91 notice requirements certainly do not sound in jurisdiction as they do not affect the classification of the case as a mortgage foreclosure action. See In re Melograne, [812 A.2d 1164,] 1167 [(Pa. 2002)] (citation omitted) ("Jurisdiction relates solely to the competency of the particular court or administrative body to determine controversies of the general class to which the case then presented for its consideration belongs."). Moreover, the lack of explicit language in Act 91 prescribing that such requirements are jurisdictional cautions against this Court treating them as such.

Id. at 552-53 (emphases added).

Analogously, in the case sub judice, Appellants' claim that the trial court lacked jurisdiction over the case because the Act 91 notice was sent by Citifinancial Services, Inc., rather than by Appellee, is meritless. See id.; Cf. Fish, 931 A.3d at 767. Contrary to Appellants' arguments, Act 91 notice requirements are not jurisdictional. Vukman, 77 A.3d at 552-53. Thus, we discern no abuse of discretion or error of law by the trial court in granting

- 12 -

Appellee's motion for summary judgment. See Varner-Mort, 109 A.3d at 246-47.

For the foregoing reasons, we affirm the order of the trial court granting Appellee's motion for summary judgment in this mortgage foreclosure action.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2017