IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Braden Loughner,                  :
          Petitioner          :
                            :
      v.                      :
                            :
Pennsylvania Housing Finance Agency, :   No. 184 C.D. 2024
          Respondent     :   Submitted: December 9, 2024


BEFORE:   HONORABLE ANNE E. COVEY, Judge
                HONORABLE LORI A. DUMAS, Judge
                HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                        FILED: January 8, 2025

          Braden Loughner (Loughner) petitions this Court, pro se, for review of the Pennsylvania Housing Finance Agency's (Agency) December 29, 2023 Final Agency Decision affirming the denial of his mortgage assistance request. Loughner presents one issue for this Court's review: whether he is eligible for the Pennsylvania Homeowner Assistance Fund program (Fund). After review, this Court affirms.

          On June 7, 2023, Loughner started the online Fund application (Application) requesting $14,371.00 in mortgage assistance for the property located at 210 Possum Hollow Road, Greensburg, Pennsylvania (PA) 15601 (Property). *See* Certified Record (C.R.) at 29-66.[1] On October 16, 2023, the Fund denied Loughner's Application. On October 26, 2023, Loughner appealed from the Fund's denial decision. On December 29, 2023, the Agency denied Loughner's appeal because (1) Loughner failed to provide a photo identification (ID) that matches proof

---

[1] Because the Certified Record pages are not numbered, the page numbers referenced herein reflect electronic pagination.

of ownership, a complete absentee co-owner affidavit, or other sufficient verification of residency; and (2) the Property securing the mortgage is not owner-occupied. *See* C.R. at 80-82. Loughner appealed to this Court.[2]

Initially, in Section 9058d(c)(1) of the Coronavirus Economic Stabilization Act, Congress declared:

> There is established in the [United States (U.S.)] Department of the Treasury [(Treasury)] a Homeowner Assistance Fund [(HAF)] to mitigate financial hardships associated with the coronavirus pandemic by providing such funds as are appropriated by subsection (a) to eligible entities for the purpose of preventing homeowner mortgage delinquencies, defaults, foreclosures, loss of utilities or home energy services, and displacements of homeowners experiencing financial hardship after January 21, 2020, through qualified expenses related to mortgages and housing, which include--
>
> **(A)** mortgage payment assistance[.]

15 U.S.C. § 9058d(c)(1). Section 102-F of The Fiscal Code[3] provides that the Agency shall administer the HAF in Pennsylvania. *See* 72 P.S. § 102-F.

Pursuant to the authority granted by the Pennsylvania General Assembly, the Agency drafted the Fund's Overarching Program Policy Manual (Program Policy). The Program Policy is based on Treasury's HAF Guidance[4] and the Fund's Plan.[5] *See* 51 Pa.B. 5942 (2021). According to the Program Policy: "The Policies and Procedures for the [Fund] are provided to assist program staff, subgrantees, associated partners, and vendors in implementing and managing the

---

[2] "[This Court's] review is limited to whether constitutional rights were violated, an error of law [was] committed, or the findings of fact are not supported by substantial evidence." *Fish v. Pa. Hous. Fin. Agency*, 931 A.2d 764, 766 n.3 (Pa. Cmwlth. 2007).

[3] Act of April 9, 1929, P.L. 343, *as amended*, added by Section 7 of the Act of June 30, 2021, P.L. 62, 72 P.S. § 102-F.

[4] *See* https://home.treasury.gov/system/files/136/HAF-Guidance.pdf (last visited Jan. 7, 2025).

[5] *See* https://www.phfa.org/haf (last visited Jan. 7, 2025).

2

[Treasury] [HAF]. It is based on HAF Guidance, HAF applicable federal regulations, and the [Fund] Plan." Supplemental Reproduced Record (S.R.R.) at 137 (footnotes omitted).[6]

Loughner contends that he is eligible for the Fund. Specifically, Loughner argues:

> The fact is I do not possess a PA [d]river's [l]icense that shows my home address. The reason is due to my job position, heavy equipment operator, I travel for work purposes outside of the state for extended periods. Because of this absence, in 2015 year [sic] I granted [sic] my mother as my Durable Power of Attorney to receive my mail and manage my personal finances. To date, I use my mom's address on my PA [d]river's [l]icense for this Durable Power of Attorney personal finance purpose. I presented alternative documents to verify my home address but was denied for the reason I did not possess a PA [d]river's [l]icense indicating my home address.

Loughner Br. at 6.

The Program Policy expressly provides: "Eligible applicants must currently occupy the property as their primary residence for which they are seeking financial assistance." S.R.R. at 154; *see also* S.R.R. at 152 ("[e]ligible properties are those dwellings located in [PA] that are owner-occupied"); HAF Guidance at 5 ("A HAF participant may provide HAF funds only to a homeowner with respect to qualified expenses related to the dwelling that is such homeowner's primary residence."). The Program Policy mandates, in relevant part:

> **All homeowners listed on the deed of record** . . .
> **residing in the home and listed on the mortgage must**

---

[6] The Supplemental Reproduced Record does not comply with Pennsylvania Rule of Appellate Procedure 2173, which requires the page numbers to be numbered in Arabic figures followed by a small "b." *See* Pa.R.A.P. 2173. In addition, the Supplemental Reproduced Record pages are out of order. The page numbers reflected herein are consistent with the numbering provided in the Supplemental Reproduced Record.

3

be an applicant of record and **provide all required documentation requested**. If a co-owner listed on the deed of record and listed on the mortgage is absent or otherwise unavailable to sign required program documentation, the application will be deemed ineligible. If an applicant is willing to complete an Absentee Co-Owner Attestation, providing facts as to why the co-owner is unavailable, they will not be deemed ineligible for failure to provide requested information or documentation. This is an exception to the program requirements and may be revoked by [the Fund] at any time. Co-owners are not permitted to apply separately for [the Fund].

S.R.R. at 154 (footnote omitted; emphasis added).

The Program Policy describes, in pertinent part:

Documents needed to support the application must be supplied upon submission, including:

☐ **A valid** (not expired) **government-issued photo ID**, **which may include a driver's license**, **state ID**, **passport**, **or military ID**.

☐ **Deed** or proof of ownership, which may include:

▪ Property tax bills

▪ County property tax assessment

▪ Screenshot of property information from the tax assessor's website

. . . .

☐ Verification of Social Security Number (SSN) or individual Tax Identification Number [] from applicant (mandatory) and co-owner (if applicable), which may include one of the documents listed below, to verify the full SSN or last 4 digits.

▪ Social security card

▪ Tax identification number

▪ Paystub(s)

4

▪ **W-2 Form**

▪ 1040 tax form

▪ 1099 tax form

▪ Official bank, insurance, or government document showing a minimum of last 4 digits[.]

S.R.R. at 158-159 (emphasis added).

Here, Loughner applied for the Fund assistance on June 7, 2023. *See* C.R. at 29-66. His Application stated that the Property's address is 210 Possum Hollow Road, Greensburg, PA 15601. *See* C.R. at 29. However, Loughner provided a driver's license and a W-2 Form indicating that his address was 111 Cross Street, Irwin, PA 15642 (Cross Street Address).[7] *See* C.R. at 7, 10. Further, the Application's "Applicant Information" section requires a "[m]ailing address (if different than home address)[.]" C.R. at 30. Loughner typed "PA[.]"[8] *Id.* While Loughner provided proof of ownership of the Property, *see* C.R. at 8 (real estate closing disclosure listing Loughner as the borrower), 9 (deed listing Loughner as the grantee), he did not submit documentation verifying that he resides at the Property.

The Agency denied Loughner's Application, reasoning:

> [**Loughner**] **provided a deed to the subject** [**P**]**roperty reflecting ownership of the** [**P**]**roperty** . . . **was transferred to** [**him**] on November 20, 2018. However, **the photo ID provided for** [] **Loughner reflects** [**the Cross Street A**]**ddress** . . . . This ID was issued on January 30, 2021. **The W-2** [**Form**] **for** [] **Loughner for 2022 also reflects his** [**Cross Street Address**]. Section M. Required Documents of the [A]pplication indicates: "Homeowner(s) must provide photo [ID] that matches proof of ownership exactly, [a]cceptable forms of [p]hoto ID include: [d]river's [l]icense, [s]tate issued [i]dentification card, or [p]assport[.]"[] Information

---

[7] Loughner also used the Cross Street Address in his filings with this Court. *See* Petition for Review at 3.

[8] It appears this is a typographical error as *NA* would have been an appropriate response.

provided for an additional household member listed on the application, **Emily Dixon** [(Dixon)], **reflects her address as 210 Possum Hollow Road**, **Greensburg**, **PA** [(**i.e.**, **the Property**)]. [] **Dixon**'s **phot**[**o**] **ID** was issued on March 9, 2021, less than [two] months after [] Loughner's ID was issued. [] **Dixon**'s **2022 W-2** [**Form**] **also reflects her address as** [**the Property**]. However, [] **Dixon is not an owner/co**[-]**owner of the subject** [**P**]**roperty**. **After numerous requests** from the case manager and appeals department (beginning November 10, 2023[,]) for a photo [ID] that matches proof of ownership, or complete the [a]bsentee [c]o-owner affidavit, [**Loughner**] **has failed to provide the required documentation**. However, to date[,] [] Loughner has not provided a valid [s]tate[-i]ssued [p]hoto ID matching proof of ownership, the [a]bsentee [c]o-owner affidavit, or other sufficient verification. In this context, [Loughner] failed to provide the required documentation or information requested that would allow [the Fund] to properly review the [A]pplication for the assistance requested. Therefore, we have determined pursuant to the [] Policy Guidelines established and approved by [the Agency] on November 1, 2021, **the request for mortgage assistance was properly** [] **denied**.

Agency Final Dec. at 1 (emphasis added).

The Agency expounded:

Additionally, an eligibility requirement for [the Fund] assistance is that the applicant must own and occupy the property as their primary residence. **The deed to the subject** [**P**]**roperty was transferred to** [**Loughner**] on November 20, 2018. However, **the photo ID provided for** [] **Loughner reflects his** [**Cross Street Address**]. This ID was issued on January 30, 2021 - over two years after the deed transfer. **The W-2** [**Form**] **for** [] **Loughner for 2022 also reflects his** [**Cross Street Address**]. **After numerous requests** from the case manager and appeals department for a photo identification that matches proof of ownership, or complete the [a]bsentee [c]o-owner affidavit, [**Loughner**] **has failed to provide the required documentation**. Therefore, in view of [] Loughner's failure to provide the required or sufficient verification of residency, especially in view of [] Dixon's [p]hoto ID and

6

2022 W-2 [Form] matching the subject property, **it is reasonable to assume that [] Loughner does not reside at the subject [P]roperty** . . . . In this context, we have determined pursuant to the Program Guidelines established by [the Agency] and submitted to [Treasury] on November 10, 2021, the request for assistance could also properly be denied on the basis:

• **Property securing the mortgage is not owner-occupied**.

Agency Final Dec. at 1-2 (emphasis added). This Court discerns no error in the Agency's reasoning. Accordingly, Loughner is ineligible for the Fund.

For all of the above reasons, the Agency's Final Agency Decision is affirmed.

_____
ANNE E. COVEY, Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Braden Loughner,                :
           Petitioner           :
                                    :
           v.                     :
                                    :
Pennsylvania Housing Finance Agency, :     No. 184 C.D. 2024
           Respondent        :

## O R D E R

AND NOW, this 8th day of January, 2025, the Pennsylvania Housing Finance Agency's December 29, 2023 Final Agency Decision is affirmed.


_____
ANNE E. COVEY, Judge