IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Averill Harris, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1310 C.D. 2024 |
| | : | |
| Pennsylvania Housing | : | Submitted: April 13, 2026 |
| Finance Agency, | : | |
| Respondent | : | |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE STELLA M. TSAI, Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                                   FILED: May 18, 2026

Averill Harris (Petitioner), proceeding *pro se*, petitions for review of the order entered by the Pennsylvania Housing Finance Agency (Agency) Homeowner Assistance Fund (PAHAF) Appeal Committee on August 2, 2024, affirming the Agency's denial of his request for mortgage and property tax assistance under the PAHAF program.[1]  On appeal, Petitioner challenges the Agency's determination that he is ineligible to receive additional property tax assistance under the program, after he received a one-time disbursement for this type of expense.[2]  After careful review, we affirm.

---

[1] "The PAHAF program is part of a federal program administered by the Agency which is designed to assist homeowners with, *inter alia*, mortgage loan reinstatement."  *Rodriguez v. Pennsylvania Housing Finance Agency*, 348 A.3d 408, 409 (Pa. Cmwlth. 2025).

[2] In considering Petitioner's filings, we are mindful that "the allegations of a *pro se* complainant are held to a less stringent standard than that applied to pleadings filed by attorneys." *Donahue v. Department of Human Services*, 347 A.3d 96, 101 (Pa. Cmwlth. 2025).

**Background**

The relevant facts and procedural history of this case are as follows. On February 26, 2022, Petitioner filed an application requesting PAHAF assistance for mortgage loan reinstatement, property taxes, homeowners' insurance and utilities for his property located at 2935 Windy Bush Road, Newtown, Pennsylvania (the Property). (Supplemental Reproduced Record (S.R.R.) at 139.) Petitioner received mortgage reinstatement insurance in the amount of $15,789.80 on September 20, 2022, and homeowners' insurance in the amount of $2,222.25 on December 29, 2022. (S.R.R. at 139, 238, 241.) On February 13, 2023, Portnoff Law Associates completed a debt verification for the Property reporting that the property taxes were current (Portnoff Tax Report). Upon learning this information, the Agency sent Petitioner a grant determination letter denying his request for property tax assistance. (S.R.R. at 122, 140.)

On March 6, 2023, Petitioner appealed the Agency's denial of his request for property tax assistance. (S.R.R. at 124.) On October 5, 2023, while Petitioner's tax assistance appeal was pending, the Agency received a lien certificate from the Bucks County Tax Claim Bureau showing that Petitioner had past due taxes for 2020 in the amount of $1,313.90. (S.R.R. at 140.) In light of this report, the Agency approved Petitioner for property tax assistance in the amount of $1,313.90 on October 12, 2023, and the funds were disbursed to him on that same date. (S.R.R. at 184, 188.)

On January 25, 2024, the Agency received Petitioner's appeal requesting further assistance with his property taxes, attaching statements from 2023 showing municipal and county taxes due in the amounts of $1,320.79 and $5,297.53, respectively. (S.R.R. at 140.) Petitioner also advised the Agency that his mortgage company had paid these taxes. On April 22, 2024, Petitioner's mortgage company sent

2

Petitioner a letter informing him that it had paid his 2022 and 2023 school real estate taxes in the amounts of $5,507.99 and $5,587.41, respectively. (S.R.R. at 136.) On August 2, 2024, the Agency's PAHAF Appeal Committee issued an appeal denial letter explaining that his request for additional assistance was denied because:

> [Petitioner] has received the maximum assistance available per eligible household. You have already received Homeowners Insurance assistance from PAHAF on 12/29/2022. **PAHAF guidelines only allow one-time assistance for each assistance type**.
>
> **[Petitioner] requesting assistance is not delinquent on their property taxes for which they applied for assistance. PAHAF Program requires the homeowner must be delinquent on these expenses to qualify for assistance with these expenses**.
>
> * * *
>
> [Petitioner] received mortgage reinstatement assistance in the amount of $15,789.80. Those funds were disbursed on September 20, 2022. [Petitioner] also received homeowners' insurance in the amount of $2,222.25 on December 29, 2022, deliverable fuel in the amount of $1,161.35 on September 26, 2023 and **property tax assistance in the amount of $1,313.90 on October 12, 2023. Consequently, you are not eligible for additional PAHAF assistance to reinstate past due mortgage payments, homeowners' insurance, deliverable fuel or property taxes.**
>
> **Additionally, concerning your request for property tax assistance, the property tax statements provided at appeal were for 2023. The 2023 property taxes are not eligible for assistance under this program**.

(S.R.R. at 139, 142) (emphasis added). This petition for review followed.

3

<u>**Analysis**</u>[3]

On appeal, Petitioner challenges the Agency's determination that he is ineligible for additional property tax assistance. (Petitioner's Br., at 10.)[4] In support, Petitioner contests the accuracy of the Portnoff Tax Report stating that his taxes were current, as the law firm reported this information before it received documentation from the municipality reflecting the tax delinquency. *Id.* at 11. Petitioner further contends that he is "eligible for assistance as [he] still has a delinquent tax bill that [he is] responsible for[.]" *Id.* at 12. Although Petitioner acknowledges that his mortgage company paid the property taxes to protect its lien on the Property, he nevertheless maintains that the tax bill is delinquent. *Id.* at 11.

We begin by observing that the PAHAF is a federally funded program established under the Coronavirus Economic Stabilization Act (the Act). *See* 15 U.S.C. § 9058d. Section 9058d(c)(1) of the Act explains that the program was developed to "mitigate financial hardships associated with the coronavirus pandemic by providing such funds as are appropriated [] to eligible entities for the purpose of preventing homeowner mortgage delinquencies, defaults, foreclosures, loss of utilities or home energy services, and displacements of homeowners experiencing financial hardship after January 21, 2020, through qualified expenses related to mortgages and housing[.]" 15 U.S.C. § 9058d(c)(1). Under Section 102-F of The Fiscal Code,[5] the Agency is tasked with administering the federal funds available under the Act. *See* 72 P.S. § 102-

---

[3] "Our review is limited to whether constitutional rights were violated, an error of law committed, or the findings of fact are not supported by substantial evidence." *Fish v. Pennsylvania Housing Finance Agency*, 931 A.2d 764, 767 n.3 (Pa. Cmwlth. 2007).

[4] Because Petitioner's brief is not paginated, our citations to it reflect electronic pagination.

[5] Act of April 9, 1929, P.L. 343, *as amended*, added by Section 7 of the Act of June 30, 2021, P.L. 62, 72 P.S. § 102-F.

F. In turn, the Agency, pursuant to the authority granted to it by the General Assembly, developed the PAHAF Overarching Program Policy Manual (Policy). (S.R.R. at 191-242.) The Policy is based on the United States Department of Treasury Homeowner Assistance Funds (HAF) guidance, federal regulations, and the PAHAF Plan. (S.R.R. at 194.) According to the Policy: "The Policies and Procedures for [PAHAF] are provided to assist program staff, subgrantees, associated partners, and vendors in implementing and managing the [HAF]." (S.R.R. at 194.) Relevant here, the Policy states:

> An applicant may qualify for one or more assistance types, depending on their mortgage and escrow account status and the availability of funding under the program caps for each option.

> \* \* \*

> **Applications will only be allowed one disbursement from the program for each assistance type** and will not retrofit new caps to previously disbursed assistance.

(S.R.R. at 214) (emphasis added). With regard to property tax assistance, the Policy provides: "Homeowners **must be delinquent on property taxes only from the tax year(s) 2022 or before** that are not in escrow." (S.R.R. at 208) (emphasis added).

Here, as noted, Petitioner challenges the Agency's determination that he is ineligible for additional property tax assistance, and he contests the accuracy of the Portnoff Tax Report stating that his taxes were current. However, Petitioner's issue fails for multiple reasons.

First, the record reflects that after Petitioner submitted his first PAHAF application in February of 2022, he received assistance for mortgage reinstatement, utilities, homeowners' insurance, and property taxes. Although the Agency initially

5

denied Petitioner's request for property tax assistance based on the Portnoff Tax Report advising that his taxes were current, the Agency changed its position after it received additional information from the county showing past due taxes in the amount of $1,313.90. (S.R.R. at 140.) The Agency then approved Petitioner for property tax assistance under the PAHAF program on October 12, 2023, and the funds were disbursed to Petitioner on that same date. (S.R.R. at 184, 188.) Therefore, in accordance with the Policy, Petitioner received a disbursement for his property taxes on one occasion, and was therefore ineligible to receive further property tax assistance. (S.R.R. at 214) (mandating that "[a]pplications will only be allowed one disbursement from the program for each assistance type").

Furthermore, even if Petitioner had not already received this one time property tax disbursement, the tax statements he submitted in January of 2024 for taxes due in **2023** were not qualified expenses under the plain terms of the Policy, which provides that the homeowner "must be delinquent on property taxes **only from the tax year(s) 2022 or before**[.]" (S.R.R. at 208) (emphasis added). Lastly, these property taxes were not eligible for coverage because they were not delinquent, as Petitioner's mortgage company paid them to protect its interest in the Property. (S.R.R. at 136.)

Based on the foregoing, we discern no error in the Agency's determination that Petitioner was ineligible for further property tax assistance under the PAHAF program. Instead, the record reflects that the Agency properly applied the clear terms of the Policy by denying Petitioner's serial request for assistance, as the plain terms of the Policy call for a one-time disbursement for each type of assistance, and his second request was for a 2023 lien past the 2022 deadline. Accordingly, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge

Judge Covey did not participate in the decision for this case.

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Averill Harris,                          :
            Petitioner               :
                                :
          v.                            :   No. 1310 C.D. 2024
                                :
Pennsylvania Housing              :
Finance Agency,                      :
            Respondent              :

## ***ORDER***

       AND NOW, this 18th day of May, 2026, the order of the Pennsylvania Housing Finance Agency dated August 2, 2024, is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge